IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TYRONE NUNN, SR.                    §
                                    §
v.                                  §           A-10-CA-953 SS
                                    §
UNITED STATES OF AMERICA            §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court is Tyrone Nunn, Sr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Clerk's Docket No. 1). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On February 24, 2009, Petitioner Tyrone Nunn pled guilty before United States District Judge Myron Thompson in the Middle District of Alabama to possession with the intent to distribute cocaine base (Count 1) and distribution of cocaine base (Count 3), in violation of 21 U.S.C. § 841(a)(1). On July 9, 2009, the District Court sentenced Petitioner to 210 months imprisonment, a ten year term of supervised release and a $ 200 assessment fee. *See* Judgment in 3:08-CR-28-01 MHT, Clerk's Doc. No. 109. The Court of Appeals for the Eleventh Circuit affirmed Petitioner's sentence. See Slip. Op. in *United States v. Nunn,* No. 09-13534 (11th Cir. April 8, 2010). Petitioner has filed a plethora of post-conviction motions to vacate, void and/or abolish his judgment which have all been denied by the District Court and affirmed by the Eleventh Circuit. *See* Clerk's Docket Nos. 124, 150, 152, 153, 164, 166 in 3:08-CR-28-01 MHT. In addition, Petitioner has filed a Motion

to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, which is currently pending before the District Court in Alabama. *See* 3:10-cv-625 MHT-WC.

Petitioner is currently confined in Federal Correctional Institute in Beaumont, Texas, which is located in the Beaumont Division of the Eastern District of Texas. Although Petitioner is incarcerated in the Eastern District of Texas, he has filed the instant Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Western District of Texas.[1]

## II. ANALYSIS

In the instant § 2241 Petition, Petitioner raises the same arguments which he raised in his direct appeal and in his pending § 2255 Motion to Vacate his Sentence. *See* 3:10-cv-625 MHT-WC. Specifically, Petitioner argues that his conviction should be vacated because the United States District Court did not have jurisdiction over Petitioner since he is an "Alabama National" and not a United States National. In addition, he contends that he was "indicted under a Foreign Flag of a Foreign Nation" in violation of the "Common Law." The Court is unable to address these blatantly frivolous arguments because it does not have jurisdiction to entertain the instant Petition.

Section 2241 confers upon federal courts the authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The Fifth Circuit has repeatedly held that "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."[2] *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (*citing Hooker v. Sivley*, 187 F.3d 680,

---

[1]Petitioner filed a previous §2241 Petition in the Western District of Texas, which was dismissed based upon the Petitioner's request. *See* Order of Dismissal in *Nunn v. United States*, A-10-CV-528 SS.

[2]The Fifth Circuit clarified in *Lee* that this ruling applies to "both § 2241 petitions brought to contest the manner in which a prisoner's sentence is carried out and § 2241 petitions brought to attack the validity of a prisoner's sentence." *Id.* at 375 n. 4.

682 (5th Cir. 1999) ("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition must be filed in the district where the prisoner is incarcerated. As Hooker is incarcerated in Talladega, Alabama, only the district court for the Northern District of Alabama would have jurisdiction to entertain his § 2241 petition."). Thus, only the Eastern District of Texas – where Petitioner is currently incarcerated – has jurisdiction to entertain Petitioner's § 2241 Petition. Accordingly, this Court is unable to address the merits of the instant § 2241 Petition.

The Fifth Circuit has determined that a district court lacking jurisdiction over the § 2241 petition has no authority or "discretion" to transfer the petition to the proper district. See *Lee,* 244 F.3d at 373-74. Instead, the Fifth Circuit mandates that the district court *dismiss the petition without prejudice*, so that petitioner "may file the petition in the appropriate court if he desires." *Id*. at 375. Accordingly, the Court will recommend that the District Court dismiss the instant § 2241 Petition without prejudice for lack of jurisdiction. If the Petitioner desires, he may file a § 2241 petition in the Eastern District of Texas where he is incarcerated.

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Tyrone Nunn, Sr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Clerk's Docket No. 1) **without prejudice for lack of jurisdiction.**

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

3

contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of January, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE